IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


CITIMORTGAGE, INC.,

        Plaintiff,

   vs.                              Civil Action 2:13-cv-680
                                     Judge Marbley
                                     Magistrate Judge King

LEONARD NYAMUSEVYA, *et al.,*

        Defendants.


ORDER and REPORT AND RECOMMENDATION

    This matter is before the Court on defendant Leonard Nyamusevya's motion for leave to proceed *in forma pauperis*.  Doc. No. 1.  Upon consideration, the Court finds the motion is meritorious, and therefore it is **GRANTED**.  **IT IS ORDERED THAT** defendant be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.  However, having performed the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e), it is **RECOMMENDED** that this action be dismissed.

    This is a foreclosure action brought by plaintiff CitiMortgage, Inc., against defendants Leonard Nyamusevya, Consolata Nkurunziza, the Franklin County Treasurer, and the unknown spouses of Leonard Nyamusevya and Consolata Nkurunziza.  *Complaint*, Doc. No. 1-5, p. 1. The *Complaint* was originally filed on September 14, 2010, in the Franklin County Court of Common Pleas.  *Id.*  The action was removed to this Court on July 15, 2013, by defendant Leonard Nyamusevya on the basis of federal question jurisdiction.  *Notice of Removal*, Doc. No.

1

1-2, pp. 1-2; *Civil Cover Sheet*, Doc. No. 1-1, p. 1.  The *Notice of Removal* represents that "all parties are resident[s] of the same State of Ohio."  *Notice of Removal*, p. 4.

Under 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants to the district court of the United States for the district and division embracing the place where such action is pending."  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) (quoting 28 U.S.C. § 1441(a)).  Where, as here, a case is removed to federal court pursuant to 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  "Failure to obtain unanimous consent forecloses the opportunity for removal under [28 U.S.C. §] 1446."  *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).  Because only one of several defendants joined in the removal, the *Notice of Removal* was defective.

Removal was improper for several additional reasons.  Although the *Notice of Removal* invokes federal question jurisdiction and argues "that a judicial foreclosure is a proceeding under federal law," *Notice of Removal*, p. 6, plaintiff's *Complaint* does not actually invoke federal law.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original)

(citations omitted).  Furthermore, removal based on diversity jurisdiction is also improper.  The *Complaint* identifies plaintiff as a resident of Missouri and the *Notice of Removal,* p. 4, represents that "all parties [sic] are resident[s] of the same State of Ohio." However, an action removable only as a diversity action can nevertheless not be properly removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2). Because the removing defendant, at least, is a citizen of Ohio, removal was improper even if complete diversity exists.  Finally, it appears that the July 15, 2013 *Notice of Removal* may have been untimely in a case originally filed almost three (3) years ago.  *See* 28 U.S.C. § 1446(b), (c),

In short, removal of this action was improper.  It is therefore **RECOMMENDED** that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the

3

decision of the District Court adopting the *Report and Recommendation*.

See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


July 17, 2013                              *s/Norah McCann King*
                                           Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge