IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | : | |
| | : | **Case No. 2:13-CV-00680** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | **Magistrate Judge King** |
| LEONARD NYAMUSEVYA, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on the **Report and Recommendation** of the Magistrate

Judge (Doc. 5), recommending that this action be dismissed, on the grounds that removal was

improper, since not all Defendants consented to removal, there is no federal question, and the

parties are not diverse.  Defendant Leonard Nyamusevya objects (Doc. 9).  For the reasons set

forth herein, the Court **OVERRULES** Defendants' Objection to the Report and

Recommendation.  The Court **ADOPTS** the **Report and Recommendation**, modified in part;

the case is hereby **REMANDED** to the Court of Common Pleas of Franklin County.

## I. BACKGROUND

This is a foreclosure action brought on September 14, 2010, in the Franklin County Court

of Common Pleas by Plaintiff CitiMortgage, Inc., against Defendants Nyamusevya, Consolata

Nkurunziza, the Franklin County Treasurer, and the unknown spouses of Nyamusevya and

Nkurunziza. (*Compl.*, Doc. 1-5, at 1).  The case was removed to this Court on July 15, 2013 by

Nyamusevya, on the basis of federal question jurisdiction. (*Notice of Removal*, Doc. 1-2, at 1-2).

On July 17, 2013, the Magistrate Judge issued her Order and Report and

Recommendation (Doc. 5) on initial screening of Nyamusevya's Motion for Leave to Proceed *in*

*Forma Pauperis* (Doc. 1).  The Magistrate Judge ordered that Defendant be allowed to proceed

without payment of fees or costs (*id.* at 1), but concluded that removal was improper, as not all

Defendants agreed to removal, there is no question of federal law, there is no diversity, and

removal was untimely (*id.* at 2-3). Accordingly, the Report and Recommendation recommends

that the action be dismissed. (*Id.* at 3). Defendant Nyamusevya objected on August 7, 2013

(Doc. 9), on the grounds that he was the only proper party in interest, and thus consent of the

other defendants was not required; and because he properly asserted federal counterclaims,

giving this Court federal question subject matter jurisdiction. (Doc. 9 at 13-14, 19-21).

On September 18, Nyamusevya filed a Motion to Consolidate this case with an

affirmative case he intended to file in this Court against CitiMortgage. (Doc. 13). Nyamusevya

filed an Amended Motion to Consolidate two days later, clarifying that the affirmative case is

Case No. 2:13-CV-972. (Doc. 14). These Motions remain pending.

On March 4, 2014, Plaintiff CitiMortgage filed a Motion to Remand (Doc. 15), alleging

that Defendant Nyamusevya removed this case in an attempt to thwart the judgment of the

Franklin County Court of Common Pleas, which had entered summary judgment in favor of

Plaintiff only a week before Nyamusevya filed his Notice of Removal in July 2013.

Nyamusevya responded on March 10, 2014 (Doc. 16). This Motion also remains pending.

## II. STANDARD OF REVIEW

A civil action brought in state court "may be removed by the . . . defendants to the district

court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441(a). Removal is proper if the Court would have had original

jurisdiction to hear the case in the first instance. *Id.* Notice of removal must be filed within 30

days of Defendant's receipt of the complaint or summons, whichever is first. *Id.* § 1446(b)(1).

When an action is removed under § 1441(a), such as based on a "substantial federal question," "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.A. § 1446(b)(2)(A).  Failure to obtain unanimous consent "forecloses the opportunity for removal under Section 1446." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).

Moreover, removal based on a "federal question" jurisdiction requires that the cause of action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  It is "now settled law" that a case may not be removed "on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Removal based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a) "requires complete diversity between all plaintiffs on one side and all defendants on the other side." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004).  A case may not be removed based on diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

### III. LAW AND ANALYSIS

The Magistrate Judge concluded that removal in this case was improper for several reasons.  First, Nyamusevya removed the case on the basis of federal question jurisdiction. (*See Notice of Removal*, Doc. 1-2 at 1-2).  Removal on this ground requires the unanimous consent of all Defendants.  *See* 28 U.S.C. § 1446(b)(2)(A).  Because only one of several Defendants joined

in the removal, the Magistrate Judge concluded that the Notice of Removal was defective. (Doc. 5 at 2). In addition, the Magistrate Judge noted that Plaintiff's Complaint does not, in fact, invoke federal law, despite Nyamusevya's claims to the contrary (*see* Doc. 1-2 at 6). The mere invocation of a federal-law defense is insufficient, and thus the Magistrate Judge found that removal was inappropriate for this reason as well. The Magistrate Judge also reasoned that Nyamusevya could not have invoked the Court's diversity jurisdiction, since Nyamusevya himself is a citizen of Ohio, thus running afoul of 28 U.S.C. § 1441(b)(1). Finally, the Magistrate Judge noted that the Notice of Removal was filed almost three years after the commencement of this action in state court, and thus was likely untimely as well. (Doc. 5 at 3).

Defendant Nyamusevya objected in a 29-page briefing that offers little in support of his argument that removal was proper. Nyamusevya argues, in essence, that only his consent was needed for removal, since the other Defendants were "formal and nominal parties," as evidenced by the fact that they did not oppose Plaintiff's Motion for Summary Judgment in state court, and therefore, have no interest in the controversy and should be ignored for removal purposes. (Doc. 9 at 13-14). Nyamusevya also asserts that he filed counterclaims based on federal law, thereby providing the court with federal question jurisdiction. (*Id.* at 19-21).

On March 4, 2014, Plaintiff CitiMortgage filed its Motion to Remand. (Doc. 15). Plaintiff urges the Court to remand the case, because removal was done "purely as a reaction to the adverse ruling [in state court] and seeks to have this Court sit as an appellate court" for the Franklin County Court of Common Pleas, which is barred by the *Rooker-Feldman* Doctrine. (*Id.* at 1). Plaintiff further argues that the Magistrate Judge correctly determined that the Court lacked subject matter jurisdiction. (*Id.* at 2-3). Defendant Nyamusevya disagrees, on the

grounds that the state court's grant of summary judgment does not constitute a final judgment at which the Rooker-Feldman doctrine is applicable. (Doc. 16 at 2).

This Court lacks subject matter jurisdiction to hear this case. First, removal for a substantial federal question, under 28 U.S.C. § 1441(a), was improper, since not all Defendants consented to removal. Nyamusevya correctly points out that, in certain cases, federal courts ignore formal or nominal parties for jurisdictional purposes. *See, e.g., Rose v. Giamatti*, 721 F. Supp. 906, 914 (S.D. Ohio 1989) (in diversity case, the court "must disregard nominal or formal parties to the action and determine jurisdiction based only upon the citizenship of the real parties to the controversy."). Defendant directs the Court to no authority, however, with respect to disregarding parties seeking consent for removal. Nor does Nyamusevya explain why his co-Defendants are "not real parties in interest" (Doc. 9 at 14), other than to reference their alleged failure to oppose summary judgment in state court.

Moreover, even if all Defendants had consented to removal, this Court lacks federal question jurisdiction because Plaintiff's Complaint does not invoke federal law. Removal jurisdiction must be determined "on the face of the plaintiff's properly pleaded complaint." *Williams*, 482 U.S. at 392. It is "well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'" *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)); *see also Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counter-claim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").

5

Finally, Defendant cannot find solace in this Court's diversity jurisdiction, since he himself is a citizen of Ohio (*see Notice of Removal*, Doc. 1-2 at 4) ("all parties are resident[s] of the same State of Ohio."), thus rendering removal under 28 U.S.C. § 1441(b) improper.

## IV. CONCLUSION

For these reasons, the Court **OVERRULES** Defendant's Objections (Doc. 9) to, and accordingly **ADOPTS**, the **Report and Recommendation** (Doc. 5).  Plaintiff's Motion to Remand (Doc. 15) is **GRANTED**.  The case is hereby **REMANDED** to the Court of Common Pleas of Franklin County.

**IT IS SO ORDERED.**

_____s/ Algenon L. Marbley_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  March 21, 2014**