**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CITIMORTGAGE, INC.,** | : | |
| | : | **Case No. 2:13-CV-00680** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge King** |
| **LEONARD NYAMUSEVYA,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

### I.    INTRODUCTION

This matter is before the Court on Defendant's Motion for Reconsideration (Doc. 20), requesting that this Court reconsider its March 21, 2014 Opinion and Order (Doc. 18) adopting the Magistrate Judge's July 17, 2013 Report and Recommendation (Doc. 5), modified in part. The Report and Recommendation recommended that this action be dismissed on the grounds that removal to this Court was improper because all Defendants did not consent to removal, there is no federal question, and the parties are not diverse.  For the reasons stated herein, Defendant's Motion for Reconsideration (Doc. 20) is **DENIED** and the case is hereby **REMANDED** to the Court of Common Pleas of Franklin County.

### II.    BACKGROUND

Plaintiff CitiMortgage, Inc. ("CitiMortgage") brought this foreclosure action on September 14, 2010, in the Court of Common Pleas of Franklin County against Defendants Leonard Nyamusevya, Consolata Nkurunziza, the Franklin County Treasurer, and the unknown spouses of Nyamusevya and Nkurunziza.  (*Compl.*, Doc. 1-5 at 1).  Defendant Nyamusevya removed the case to this Court on July 15, 2013 on the basis of federal question jurisdiction. (*Notice of Removal*, Doc. 1-2 at 1-2).

On July 17, 2013, the Magistrate Judge issued her Order and Report and Recommendation (Doc. 5) on Nyamusevya's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1).  The Magistrate Judge ordered that Defendant be allowed to proceed without payment of fees or costs (*id.* at 1), but concluded that removal was improper for four reasons:  (i) Defendants did not unanimously agree to removal; (ii)the case does not involve a question of federal law; (iii) the parties are not diverse; and (iv) removal was untimely.  (*Id.* at 2-3). Accordingly, the Report and Recommendation recommended that the action be dismissed.  (*Id.* at 3).  Defendant Nyamusevya objected on August 7, 2013, (Doc. 9), claiming that he was the only proper party in interest, and thus consent of the other Defendants was not required to remove the case.  (*Id.* at 13-14).  He also claimed that he properly asserted federal counterclaims, giving this Court federal question subject matter jurisdiction.  (*Id.* at 19-21).

On September 18, 2013, Nyamusevya filed a Motion to Consolidate this case with a case he intended to file in this Court against CitiMortgage.  (Doc. 13).  Nyamusevya filed an Amended Motion to Consolidate two days later, clarifying that case is Case No. 2:13-CV-972. (Doc. 14).  These motions remain pending.

On March 4, 2014, Plaintiff CitiMortgage filed a Motion to Remand, (Doc. 15), alleging that Defendant Nyamusevya removed this case as an attempt to thwart the judgment of the Court of Common Pleas of Franklin County.  The Court of Common Pleas had entered summary judgment in favor of Plaintiff only a week before Nyamusevya filed his Notice of Removal in July 2013.  Nyamusevya responded to Plaintiff's Motion to Remand on March 10, 2014 (Doc. 16).

On March 21, 2014, this Court issued an Opinion and Order (Doc. 18) adopting the Magistrate Judge's Report and Recommendation (Doc. 5), modified in part, and overruling

2

Defendant's Objections (Doc. 9).  In its Opinion and Order, this Court found that it lacks subject matter jurisdiction to hear this case because there is not federal question jurisdiction or diversity jurisdiction.  (Doc. 18 at 5-6).  Thus, Plaintiff's Motion to Remand, (Doc. 15), was granted and the case was remanded to the Court of Common Pleas of Franklin County.

Defendant Nyamusevya filed a Motion for Reconsideration on March 27, 2014, requesting "[r]econsideration of the March 21, 2014 Court's Order to [r]emand [c]ase to State Court."  (Doc. 20 at 2).

## III.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration."  In the Sixth Circuit, however, a timely motion so styled arguably may be "pursued either under Rule 59(e)-motion to alter or amend-or under Rule 60(b)-relief from judgment or order."  *Peake v. First Nat. Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983) (footnotes omitted); *see also, Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) ("Where a party's Rule 59 motion is not filed within the mandatory 10–day period,[1] it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment.")  (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)); *Evans v. Cordray*, No. 2:09-CV-587, 2012 WL 3309642, at *1 (S.D. Ohio Aug. 13, 2012) (noting that, in the Sixth Circuit, a motion styled as a "Request for Reconsideration" that does not cite a statute or civil rule may be pursued under Rule 59(e) or Rule 60(b)).  Because Defendant's motion is styled as a "motion for reconsideration" and does not state expressly the statute or civil rule relied on, the Court will consider the motion under both standards.

---

[1] The applicable mandatory filing-time provision of Rule 59(e) has since been extended to 28 days by amendment of the rule.

3

### A.  Rule 59(e)

Under Fed.  R. Civ. P. 59(e), a district court will reconsider a prior decision if there is

"(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling

law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620

(6th Cir. 2005) (citing *Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.

1999)).

### B.  Rule 60(b)

Rule 60(b) sets out six reasons for which the Court is authorized to grant relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not
> have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on
> an earlier judgment that has been reversed or vacated; or applying it
> prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).  Most grounds for relief under Rule 60(b) "relate to, if not require, new

information about the case that could not reasonably have been discovered earlier." *GenCorp.*

*Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007); *see also Abrahamsen v. Trans–State Exp.,*

*Inc.*, 92 F.3d 425, 428 (6th Cir. 1996); *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*,

705 F.2d 839, 844–46 (6th Cir. 1983).

## IV.    LAW & ANALYSIS

Defendant Nyamusevya makes several arguments for the Court to reconsider its Opinion

and Order (Doc. 18).  (*See* Doc. 20).   First, Defendant asserts that this Court's reconsideration is

necessary because federal jurisdiction will exist if his pending Amended Motion for

Consolidation, (Doc. 14), is granted.  (Doc. 20 at 6).  Second, Defendant insists that this Court

should raise the *Rooker-Feldman* Doctrine's fraud exception to "dispose of this action" and therefore grant his Motion for Reconsideration.[2]  (*Id.* at 7-8).  Third, Defendant claims that Plaintiff is not the real party in interest who may properly foreclose upon Defendant's property, thus the Court of Common Pleas of Franklin County lacks jurisdiction over Plaintiff's claim. (Doc. 20 at 5).

Defendant further asserts that Plaintiff violated Fed.  R. Civ. Pro. 81(c) and 28 U.S.C. § 1447(c) due to Plaintiff's "unlawful and unconstitutional and extremely belated[] Motion to Remand" the case to state court.  (Doc. 20 at 9).  Defendant also questions why this Court found Defendant's lack of unanimous consent for removal under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(b)(2)(A) to be defective, but did not require Plaintiff to properly serve his Motion to Remand on Defendant Franklin County Treasurer.[3]  (Doc. 20 at 10).  Defendant requests the convening of a three-judge district court under 28 U.S.C. § 2284 "to challenge the constitutionality and applicability of 28 U.S.C. § 1441(c)" as related to this case.  (Doc. 20 at 10).

## A.  Rule 59(e)

The Court first will consider Defendant's arguments under Rule 59(e).  A motion under Rule 59(e) is "not an opportunity to re-argue a case."  *Sault Ste. Marie Tribe of Chippewa Indians v. Engle*r, 146 F.3d 367, 374 (6th Cir. 1998).  Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the

---

[2] Generally, the *Rooker-Feldman* Doctrine stands for the proposition that federal courts are unable to exercise jurisdiction over claims that allege a state court decision error.  *See Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013).  The doctrine "prevents [] lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"  *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Otherwise, *Rooker-Feldman* does not "override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." (*Id.*).

[3] Defendant argues that the certificate of service included in Plaintiff's Motion to Remand, (Doc. 15), was defective and thus a violation of  Fed. R. Civ. P. 81(c) and 28 U.S.C. § 1447(c).  (Doc. 20 at 10).

entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (quotation omitted). Generally, a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, No. 2:00-CV-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). The grant or denial of a Rule 59(e) motion "is within the informed discretion of the district court." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Significantly, "justice does not require that the district court [grant reconsideration] on an issue that would not alter the district court's prior decision." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959-60 (6th Cir. 2004).

Unfortunately, Defendant's arguments are not grounds for reconsideration under Rule 59(e). None of Defendant's arguments provide any evidence that was previously unavailable, reference an intervening change of law, or point to newly discovered evidence. *See Intera Corp.*, 428 F.3d at 620. Neither has Defendant Nyamusevya demonstrated to this Court that its ruling is the product of a clear error of law or that it results in a manifest injustice. *Id.*; *Compare Maddux v. United States*, No. 1:08-CV-442, 2010 WL 5478529, at *1 (S.D. Ohio Dec. 30, 2010) (denying motion to reconsider when moving party could "point to no binding precedent establishing that this Court has made a clear error").

Defendant's argument that this Court will have federal question jurisdiction if it grants his pending Amended Motion for Consolidation misses the point: at the time this case was removed to the Court, removal was improper. Further, Defendant's assertion that Plaintiff's Motion to Remand should be invalid because Plaintiff failed to serve all Defendants is irrelevant to the question of whether removal was proper and thus does not state a ground for

reconsideration under Rule 59(e).  Moreover, Defendant's arguments do not demonstrate the unique circumstances required for a manifest injustice.  Rather, Defendant's arguments reveal that he simply disagrees with this Court's finding that Defendant's lack of unanimous consent for removal was defective under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(b)(2)(A).

Defendant's argument about the real party in interest has no bearing on this Court's Opinion and Order, (Doc. 18), and therefore is not grounds for reconsideration.  Further, Defendant's *Rooker-Feldman* Doctrine argument does not demonstrate that this Court made a clear error of law or that a manifest injustice will result if this Court does not reconsider its prior decision.  A Motion for Reconsideration is not the proper venue for Defendant to re-argue that an exception to the *Rooker-Feldman* Doctrine applies.

The Defendant's remaining arguments, that a three-judge district court should be convened under 28 U.S.C. § 2284[4], (Doc. 20 at 10), and that his due process and equal protection rights have been denied, (*Id.*), do not provide any reason for granting his motion for reconsideration under Rule 59(e).  *See Svete v.Wunderlich*, No. 2:07-CV-156, 2009, 2009 WL 330297, at *1 (S.D. Ohio Feb. 6, 2009) (noting the "major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'")  (citation omitted).  Defendant's claims do not purport to identify an intervening change in controlling law or newly discovered evidence.  Defendant does not state any reason why these remaining issues present a manifest injustice.  If Defendant believes that this Court either omitted or misinterpreted key facts, the Court of Appeals is the proper venue for such arguments.

---

[4] Defendant's request also misinterprets the function of three-judge courts.  Three-judge courts are convened when "otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."  28 U.S.C. § 2284.

Defendant's disagreement with this Court's decision is not a viable basis for arguing that manifest injustice will result.  *See Nayyar v. Mt. Carmel Health Sys.*, No. 2:10-CV-00135, 2014 WL 619394, at *3 (S.D. Ohio Feb. 18, 2014) (noting that a court "will not find manifest injustice when the moving party simply reargues the issues that were not previously successful");  *Gore v. AT & T Corp.,* No. 2:09–CV–854, 2010 WL 3655994, *1 (S.D.Ohio Sept.14, 2010) ("Motions for reconsideration should not be used as a substitute for appeal nor should they be used as a vehicle for mere disagreement with a district court's opinion.").

### B.  Rule 60(b)

The Court will now consider Defendant's arguments under Rule 60(b).  The "public policy favoring finality of judgments" generally limits the availability of relief under the rule. *See Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).  This is "especially true" for the catch-all provision in Rule 60(b)(6), "which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."  *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)); *see also GenCorp. Inc.*, 477 F.3d at 372.[5]

Defendant's motion does not meet his burden of demonstrating his entitlement to relief for any of the limited reasons set forth in Rule 60(b)(1)-(5).  Although Defendant suggests that a fraud exception applies, his argument is not permitted under Rule 60(b)(3).  Under Rule 60(b)(3), this Court may order relief from a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Fed.R. Civ. P.

---

[5] Indeed, subsection (b)(6) of Rule 60 should be applied "only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present."  *Ford Motor Co. v. Mustangs Unlimited. Inc.*, 487 F.3d 465, 468–69 (6th Cir.2007) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).  "The 'something more' ... must include unusual and extreme situations where principles of equity mandate relief."  *Id.*

60(b)(3).  Defendant fails to demonstrate that this Court's judgment was obtained by fraud or misconduct. [6]  *See Crehore v. United States*, 253 F. App'x at 549.

Defendant also fails to meet the "rigorous standard" for relief from a judgment or order that is required by Rule 60(b)(6).  *See U.S. v. Short*, No. 3:04-CV-7559, 2012 WL 5835372, *2 (N.D. Ohio Nov. 19, 2012) (citing *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d at 468) (internal quotations omitted).  Defendant does not articulate any "exceptional or extraordinary circumstances" required to warrant invoking the catch-all provision of Rule 60(b)(6).  *Blue Diamond Coal Co.*, 249 F.3d at 524 (6th Cir. 2001) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)); *see also GenCorp. Inc.*, 477 F.3d at 372.  "[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts."  *Blue Diamond Coal Co.*, 249 F.3d at 529 (internal quotations omitted); *see also Olle*, 910 F.2d at 365 (citation omitted) (noting that Rule 60(b)(6) may provide relief in cases of "extreme and undue hardship").

---

[6] To raise an independent action for fraud upon the court, Defendant has to prove five elements: "(1) conduct by an officer of the court (2) that is directed towards the judicial machinery itself, (3) that is intentionally false, willfully blind to the truth or is in reckless disregard for the truth, (4) that is a positive averment or concealment when one is under a duty to disclose and (5) that deceives the court."  *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007).  Here, Defendant's argument that fraud existed in the July 10, 2013 interlocutory state court judgment decision is not grounds for demonstrating that this Court's Order and Opinion, (Doc. 18), was obtained through fraud.

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration (Doc. 20) is

**DENIED**.  This case is hereby **REMANDED** to the Court of Common Pleas of Franklin

County.

**IT IS SO ORDERED.**

      **__s/ Algenon L. Marbley_____**
      **ALGENON L. MARBLEY**
      **UNITED STATES DISTRICT JUDGE**

**DATED:  March 5, 2015**